﻿Citation Nr: AXXXXXXXX
Decision Date: 03/31/20 Archive Date: 03/31/20

DOCKET NO. 190927-33918
DATE: March 31, 2020

ORDER

Having not received new and relevant evidence sufficient to reopen a previously denied claim of service connection for a pinched nerve in the lower back (back condition), the claim is denied.

FINDING OF FACT

New evidence was received after the September 2014 denial, but it is not relevant to the issue of entitlement to service connection for a back condition.

CONCLUSION OF LAW

The criteria for readjudicating the claim for service connection for a low back condition have not been met. 38 U.S.C. §§ 5108, 7105; 38 C.F.R. § 3.156(d).

REASONS AND BASES FOR FINDING AND CONCLUSION

The Veteran served in the Army Reserves from November 1979 to April 1980; and the Army from February 1991 to March 1991.

The Board notes that the legacy rating decision on appeal was issued in March 2017. The Veteran appealed that decision and a statement of the case was issued in August 2019. In September 2019, the Veteran opted-in to the Appeals Modernization Act (AMA) review system by submitting a Decision Review Request form, selecting the Direct Review lane. 38 C.F.R. § 19.2.

Whether new and relevant evidence has been received to reopen service connection for a back condition.

The Veteran contends that he has submitted new and relevant evidence sufficient to reopen the previously denied claim of service connection for a back condition. 

By way of history, service connection was denied for a back disability in January 2009, based on a finding that there was no in-service incurrence of a back injury. The Veteran filed a notice of disagreement, and a statement of the case was issued in May 2010. The Veteran did not perfect his appeal by filing a VA Form 9, Substantive Appeal to the Board. Therefore, the January 2009 decision became final. 

The Veteran attempted to reopen his claim in May 2014. In a rating decision issued in September 2014, the RO found that the Veteran had not submitted new and material evidence sufficient to reopen the Veteran’s previously denied claim. In February 2015, the Veteran filed a notice of disagreement with the decision, and in April 2016, the RO issued a statement of the case. The Veteran attempted to file a substantive appeal in October 2016; however, it was untimely – a finding held up by an October 2019 Board decision. Thus, the September 2014 decision is final based on the evidence then of record. 38 U.S.C. § 7105; 38 C.F.R. § 3.156.

VA will readjudicate a claim if new and relevant evidenced is presented or secured. 38 C.F.R. § 3.156(d). “Relevant evidence” is evidence that tends to prove or disprove a matter in issue. 38 C.F.R. § 3.2501(a)(1).

Pertinent evidence of record at the time of the September 2014 rating decision consisted of the Veteran’s service treatment records (STRs), a December 2008 VA examination report, VA treatment records, and the Veteran’s assertions that his back condition is related to service.

Turning to the issue of whether new and relevant evidence has been received to reopen the back claim, the evidence received by VA since the September 2014 rating decision includes additional VA medical center records that document continued low back pain, to include complaints of a pinched nerve, and argument from the Veteran’s representative reiterating the Veteran’s contention that the disability manifested in service and has remained chronic since. 

Notably, the September 2014 rating decision did not reopen the Veteran’s previously denied claim because no evidence was presented that raised a reasonable possibility of substantiating the Veteran’s claim, i.e. evidence that pointed to a nexus between the Veteran’s back condition and service. Since then, no records have been received that relate to this nexus requirement, or otherwise tend to prove or disprove the claim. Therefore, these records also do not amount to new and relevant evidence in this matter because they essentially repeat previously raised assertions and are therefore redundant of the evidence of record at the time of the last prior final denial. Accordingly, the Board finds that new and relevant evidence has not been received to reopen the previously denied claim of a back condition and the appeal is denied.

 

 

Bethany L. Buck

Veterans Law Judge

Board of Veterans’ Appeals

Attorney for the Board I. M. Hitchcock

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.